**RENO, Appellee,**

**v.**

**CLARK, Appellant.**

[Cite as *Reno v. Clark* (1989), 65 Ohio App.3d 527.]

Court of Appeals of Ohio,
Van Wert County.

No. 15–88–7.

Decided Dec. 6, 1989.

*Young, Taylor & Steele* and *Kevin H. Taylor,* for appellee.

*Wise & Assoc. Co., L.P.A., Perry G. Wise* and *Kathleen E. Perry,* for appellant.

---

THOMAS F. BRYANT, Judge.

This is an appeal from the judgment of the Van Wert County Court of Common Pleas denying defendant-appellant Sharon Clark's "Motion to Amerce the Clerk of the Court."

This case arose when the clerk of the trial court released to the plaintiff, Danny Reno, an insurance check on deposit with the clerk. On July 12, 1988, the clerk had been ordered "to retain the monies deposited until a final determination by this court," meaning the court of common pleas. The check was released pursuant to an order and judgment entry made by the trial court. The trial court's judgment was reversed and vacated on appeal and the clerk was ordered to disburse the check to appellant.

The clerk refused to disburse the check to appellant as it had already been disbursed to the appellee. Appellant filed a Motion for Amercement of the Clerk of Courts, which was denied. It is from this decision that appellant now appeals, asserting one assignment of error.

Appellant's sole assignment of error is:

"The trial court erred as a matter of law in denying defendant–appellant's motion for amercement of the Clerk of Courts."

R.C. 2707.04 states:

"If a clerk of a court neglects or refuses, on demand, to pay, to the person entitled thereto, money by him received in his official capacity for the use of such person, he may be amerced, on motion and notice as provided in sections 2707.01 and 2707.02 of the Revised Code."

Appellant in her brief argues that the conflict in this case centers around the language contained in a stipulation agreement entered into by the original parties. We disagree with appellant. Appellant has misinterpreted the court's order of July 12, 1988. The court very clearly states that the money is to be held until a final determination is made by that court. Appellant argues that the money was to be held until a final determination was made of the case including possible appeals. The record does not reflect this interpretation of the agreement between the parties. Therefore, the conflict in this case arises from the construction of the phrase in R.C. 2707.04 "to the person entitled thereto."

The legislature has made very clear the requirements necessary to obtain a stay of execution on appeal. R.C. 2505.09 states in part:

"[A]n appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *."

Civ.R. 62(B) and App.R. 7 provide additional guidance for obtaining a stay of execution on appeal.

The record does not indicate that appellant took any of these steps to prevent an execution on the judgment but instead relied upon an agreement between the parties that the money would remain with the clerk until a final determination of the case had been reached. At the time the clerk released the check to Danny Reno, in the absence of a stay of execution from the judgment of the trial court, he was the person entitled to those funds.

Appellant's argument that she should be excused from complying with the requirements of filing a stay of execution and posting a supersedeas bond is not well taken.

Appellant's assignment of error is overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.